**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JAMES GREGORY MURPHY**                                    **PETITIONER**

**VS.**                          **CASE NO. 5:10CV00172 DPM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                         **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

James Gregory Murphy seeks habeas corpus relief  pursuant to 28 U.S.C. §2254.  Mr. Murphy is currently in the custody of the Arkansas Department of Correction (ADC) after entering a plea of guilty or nolo contendere in August of 2005 to sexual assault in the second degree.  He was sentenced to seven years in the ADC with an additional eight years suspended sentence contingent upon paying a $250 sex-offender registration fee and paying a $250 DNA fee upon release.  Judgment was entered on August 30, 2005.  On May 9, 2008, Mr. Murphy sought state court habeas corpus relief, filing a petition with the trial court.  On July 2, 2008, the trial court denied relief.  No appeal was taken by the petitioner.

Mr. Murphy now advances four claims for habeas corpus relief:

1.      The evidence was insufficient to prove second degree sexual assault beyond a reasonable doubt;

2.      The prosecutor withheld evidence that would have exonerated him;

3.      The trial judge erred by allowing the plea in spite of evidence that would have exonerated him; and

4.      He was coerced by his attorney, who allegedly told him he would likely receive forty to one hundred years in prison if he went to trial.

Respondent contends that the statute of limitations bars consideration of these claims.  The respondent also urges that these claims were waived by the plea entered by Mr. Murphy, or that the

claims are procedurally barred.  By Order dated July 2, 2010, the petitioner was notified of his

opportunity to explain why his petition should not be dismissed.  He has not filed a responsive

pleading.  However, he addresses some of the arguments in his original habeas corpus petition.

**Statute of Limitation**

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on

petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized
>> by the Supreme Court, if the right has been newly recognized by the Supreme
>> Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on August 30, 2005, when

judgment was entered based upon the petitioner's plea.  As a result, the respondent argues that

petitioner should have filed his federal petition on or before August 30, 2006.  The petitioner filed

his federal petition on June 4, 2010.  The respondent urges that the petitioner's failure to act sooner

is fatal to the petition.  The respondent urges that the state habeas corpus petition did not toll the

federal statute of limitations as it was not properly filed.  Even if the state action had been properly

filed, the respondent contends it could have no tolling effect since it was filed after the federal

limitation period had expired.

The respondent is correct.  As with the entry of a guilty plea, when Mr. Murphy entered a

plea of nolo contendere he lost his right to file a direct appeal of the conviction. *Reed v. State*, 2005 WL 2792405 (Ark. 2005). Thus, his conviction became final on August 30, 2005, and he should have filed his federal habeas corpus petition within the following year. He did not. In addition, he did not file a postconviction petition on or before August 30, 2006. The state habeas corpus petition was not filed until May of 2008. Even if we assume that the state habeas corpus petition was a "properly filed" petition as defined by 28 U.S.C. § 2244(2), "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

Mr. Murphy argues that the limitations period should be equitably tolled.

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). He first contends that equitable tolling is appropriate because he received poor legal advice from someone in the law library at the prison. Mr. Murphy, however, bears the burden of knowing and following the procedural rules diligently, including the filing deadlines. His reliance on others is not an error that is external to him. *See Maghee v. Ault*, 410 F.3d at 476 (allegation that county clerk made mistakes and that prosecutor used wrong number on filing were not external errors entitling petitioner to equitable tolling). Even assuming erroneous legal advice was received, we find that to be an insufficient basis for equitable tolling.

Mr. Murphy also urges that his actually innocence should operate to equitably toll the limitation period. Initially, we note that actual innocence in the context of a habeas corpus case is difficult to establish. The Supreme Court notes that, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it

4

be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. Murphy; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  This standard, difficult to prove following a verdict of a factfinder, is heightened further when a petitioner, as in the case of Mr. Murphy, has entered a plea to the charge.  We find that his assertions of actual innocence fall far short of the required proof.  Furthermore, even if his proof of actual innocence were stronger, it does not follow that actual innocence would necessarily result in equitable tolling of the limitations period.  In *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002), the petitioner's argument that his actual innocence should equitably toll the limitation period was rejected:

> Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establish actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.

299 F.3d at 977.

In summary, the petitioner failed to file a timely habeas corpus petition with this Court. He did not file any petition in state court during the time the federal limitation period was running.  Therefore, he cannot avail himself of the statutory provision which excludes the time during which a properly filed collateral petition is pending in state court.  He does not provide a reason why the limitation period should be equitably tolled.  As a result of the foregoing, we recommend the petition be dismissed as time-barred.

**Waiver of Claims and Procedural Default of Claims**

The respondent also argues that claims one, two, and three are not cognizable in this petition because of the nolo contendere plea entered by Mr. Murphy.  In Arkansas, the plea of nolo contendere "is an admission of guilt in the criminal case." *Seaton v. State*, 324 Ark. 236, 237 (1996).  The Arkansas criminal rules governing pleas make no distinction between a plea of guilty and of nolo contendere.  As a result, we agree that the petitioner's first three claims for relief are not properly raised in this action[1].

Finally, the respondent contends that ground four is not properly before the Court due to the petitioner's failure to adequately pursue the claim in state court.  In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in

---

[1] " When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  *See also Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977).  The petitioner is barred from challenging the claims of error prior to the entry of the plea.

which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

The fourth ground of Mr. Murphy is that his attorney coerced him in to accepting the plea rather than going to trial.  There is no dispute that this claim of attorney error was not raised by Mr. Murphy in a timely Rule 37 petition in Arkansas state court.  Even if he were to argue that he raised this claim in his state habeas corpus action, he did not appeal the trial court's denial of relief.  Thus, the claim was not fully pursued in state court, even generously assuming that the claim could have been advanced in a state habeas corpus petition.

The petitioner does not demonstrate cause or prejudice for his failure to pursue this claim in state court.  As a result, we find that it is procedurally barred.

**Summary**

We recommend that the petition be dismissed because it is time-barred.  In addition, claims one, two, and three are not cognizable and ground four is procedurally barred, and dismissal would also be appropriate for those reasons.  We recommend the petition be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend that the certificate of appealability be denied.

IT IS SO ORDERED this __16__ day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE